JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01061-JVS (ADSx) | Date | November 17, 2021 |
| Title | AK Futures LLC v. Smoke Tokes, LLC | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                  Not Present

**Proceedings:   [IN CHAMBERS] <u>Order Regarding Motion for Default Judgment</u>**

Plaintiff AK Futures LLC ("AK Futures") moved for a default judgment. Dkt. No. 19. Defendant Smoke Tokes, LLC ("Smoke Tokes") does not oppose the motion.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

AK Futures filed suit against Smoke Tokes for counterfeiting and the willful infringement of AK Futures's intellectual property rights in its Cake™ ("Cake") brand of hemp derivative Delta-8 products. Compl. ¶ 1.

AK Futures owns and sells Cake branded Delta-8 products, including disposable electronic delivery systems and electronic cigarette e-liquid. Id. ¶ 2. Delta-8 is a hemp-derived product, regulated under the PACT Act and other regulations. Id. AK Futures does not manufacture, distribute, or sell Delta-9 vaping products. Id. The Cake product is the top-selling brand of Delta-8 vaping goods in the country. Id. AK Futures launched Cake in October 2020, and since then, demand has been overwhelming, with revenue from sales of authentic Cake products exceeding $44,000,000. Id. ¶ 14. By virtue of this success, AK Futures has established substantial consumer goodwill in the Cake mark, trade name, and designs. Id. ¶ 15.

AK Futures has also filed for registration of the Cake marks before the United States Patent and Trademark Office ("USPTO"). Id. ¶¶ 16–17. The application dates span from December 21, 2020 to March 25, 2021. Id. ¶ 17. Since October 23, 2020, it

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:21-cv-01061-JVS (ADSx)      Date November 17, 2021

Title    AK Futures LLC v. Smoke Tokes, LLC

has continuously used one or more of the aforementioned marks in commerce, currently, all Cake products bear one or more of the marks. Id. ¶ 20.

AK Futures investigated Smoke Tokes's inauthentic products, engaging a private investigator to purchase and inspect samples of the same. Id. ¶ 25. On May 27, 2021, its investigator purchased three Cake Lookah devices from Smoke Tokes in downtown Los Angeles. Id. ¶ 26. AK Futures examined the products, which were counterfeits not made by or with the permission of AK Futures. Id. ¶ 27. The inauthentic products sold by Smoke Tokes include a device designed for vaping cannabinoid or Delta-9 concentrates—a product that AK Futrues does not manufacture or sell—packaged in authentic Cake-branded packaging with reproductions of AK Futures's copyrighted stylized drawing and AK Futures's Cake mark. Id.

As a result of the inauthentic products, Smoke Tokes is "intentionally deceiving customers into believing that they are receiving authentic Cake products." Id. ¶ 31. In addition, "the quality, performance, and safety of [Smoke Tokes's] products is unknown." Id. ¶ 32. As a result, consumers are harmed by the inauthentic products, which are at risk of being "lower quality, less reliable, and less safe" than the authentic ones. Id. ¶ 33.

Based on these allegations, AK Futures brought suit against Smoke Tokes for: (1) copyright infringement, 17 U.S.C. § 101 et seq.; (2) federal unfair competition and false designation or origin, 15 U.S.C. § 1125(a); (3) California false advertising, Cal. Bus. Prof. Code 17500; and (4) California unfair competition, Cal. Bus. & Prof. Code § 17200 et seq.. Compl., Dkt. No. 1.

On July 2, 2021, AK Futures moved for preliminary injunction enjoining the sale of counterfeit goods and for leave to immediately commence discovery. Dkt. No. 15. The Court granted that motion on August 16, 2021. Dkt. No. 27. Then, on September 27, 2021, AK Futures filed the instant motions for default judgment and permanent injunction. Dkt. No. 30. The motion is unopposed.

## II. LEGAL STANDARD

Before a court can enter a default judgment against a defendant, a plaintiff must

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-01061-JVS (ADSx)  Date  November 17, 2021

Title  AK Futures LLC v. Smoke Tokes, LLC

satisfy the procedural and substantive requirements for default judgment.

    *A.*    *Procedural Requirements*

    For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

    In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

    *B.*    *Substantive Requirements*

    The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

    Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-01061-JVS (ADSx)                                   Date  November 17, 2021

Title     AK Futures LLC v. Smoke Tokes, LLC

PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

    On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. DISCUSSION

#### A. Procedural Requirements

    As a threshold issue, AK Futures satisfies Local Rule 55-1. AK Futures filed a declaration in support of its motion that states that default was entered against Smoke Tokes, that Smoke Tokes is neither incompetent nor an infant, and that the Servicemembers Civil Relief Act does not apply. See Oganesian Decl., Dkt. 19-2, ¶¶ 3, 5, and 6. AK Futures served all filings and docket items on Smoke Tokes. Id. ¶ 2. Finally, AK Futures has complied with Rule 54(c) because it seeks a permanent injunction, damages, and recovery of attorneys' fees and costs, as requested in the Complaint. Compl., Dkt. 1, at 14–16.

#### B. Substantive Requirements

##### 1. Possibility of Prejudice to Plaintiff

    The first substantive factor favors judgment because AK Futures has expended effort and incurred costs and fees in prosecuting this action. Further, the Clerk entered default against Smoke Tokes on August 6, 2021, Dkt. No. 16, and Defendants have not subsequently moved this Court to set aside default. As such, the Court finds that the first Eitel factor favors default judgment.

##### 2. Substantive Merits and Sufficiency of Complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01061-JVS (ADSx) | Date | November 17, 2021 |
| Title | AK Futures LLC v. Smoke Tokes, LLC | | |

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498–99 (C.D. Cal. 2003) (citing PepsiCo Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The Court addresses each claim in turn.

      a.    *Copyright Infringement, 17 U.S.C. § 101*

Copyright infringement has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Telephone Service Co, Inc., 499 U.S. 340, 361 (1991). A "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c)).

First, AK Futures alleges that it owns a valid, registered copyright on its Cake design logo. Compl., Dkt. 1, ¶ 39. Second, AK Futures alleges that Smoke Tokes "manufactured, distributed, offered for sale and sold infringing and inauthentic products, including unauthorized reproductions of [AK Futures's] copyrighted Cake design logo." Id. ¶ 40. This is sufficient to state a claim for copyright infringement.

      b.    *Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125*

To prevail under a false designation of origin or federal unfair competition claim, plaintiff must establish that it (1) has a valid, protectable trademark that (2) defendant is using in a confusingly similar manner. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 929 (9th Cir. 2014). "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007) (quotations omitted).

AK Futures alleges that it has registered trademarks on its Cake products. Compl., Dkt. 1, ¶ 17. Further, it alleges that Smoke Tokes's "advertising, offering for sale and

Case 8:21-cv-01061-JVS-ADS   Document 20   Filed 11/17/21   Page 6 of 12   Page ID #:452

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01061-JVS (ADSx) | Date | November 17, 2021 |
| Title | AK Futures LLC v. Smoke Tokes, LLC | | |

sale of counterfeit or unauthorized Cake products bearing the Cake Marks constitute false designations of origin and false descriptions and representations, and is likely to cause confusion, mistake, and to deceive consumers by creating the false impression that [AK Futures] and the Cake products are affiliated, connected or associated with [Smoke Tokes] or their goods, or that [Smoke Tokes's] products are approved, licensed, endorsed or sponsored by [AK Futures]." Id. ¶ 45. AK Futures alleges that Smoke Tokes's "acts constitute the use of a false designation of origin, a false description and a false representation that [Smoke Tokes's] goods [] are identical to or interchangeable with [AK Futures's] goods, or are in some way approved, sponsored, authorized by or affiliated with [AK Futures] and that Smoke Tokes sold those products in interstate commerce in a manner as to cause confusion or mistake and to deceive the public." Id. ¶ 47–48. Moreover, Smoke Tokes' goods are likely to cause customer confusion because they are counterfeit and "counterfeit marks are inherently confusing." Phillip Morris USA Inc. v. Shlabi, 352 F. Supp. 2d 1057, 1073 (C.D. Cal. 2004) (citation omitted). These allegations sufficiently state a claim for false designation of origin or federal unfair competition.

   *c. California False Advertising, Cal. Bus. & Prof. Code § 17500*

To state a claim for false advertising under California Business and Professions Code § 17500, AK Futures must show that Smoke Tokes "made a statement, in connection with the sale of personal property, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." PepsiCo, 238 F. Supp. 3d at 1176. Here, AK Futures alleges that Smoke Tokes "knowingly and willfully made false or misleading statements in connection with the sale of their inauthentic products." Compl., Dkt. 1, ¶ 51. This is sufficient to state a claim for California false advertising under California Business and Professions Code § 17500.

   *d. California Unfair Competition, Cal. Bus. & Prof. Code § 17200 et. seq.*

State law claims of unfair competition and claims under California Business and Professions Code § 17200 are "substantially congruent" to claims made under the Lanham Act. Cleary v. News Corp., 30 F.3d 1255, 1262–63 (9th Cir. 1994). Because the

Case 8:21-cv-01061-JVS-ADS   Document 20   Filed 11/17/21   Page 7 of 12   Page ID #:453

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01061-JVS (ADSx) | Date | November 17, 2021 |
| Title | AK Futures LLC v. Smoke Tokes, LLC | | |

Court concluded that AK Futures sufficiently stated claims under the Lanham Act, the Court also determines that AK Futures stated claims for unfair business practices under California Business and Professions Code § 17200. See Starbuzz Tobacco, Inc. v. Melnick, 2015 WL 12656925, *4 (C.D. Cal. July 31, 2015).

### 3. Remaining Four Factors

The fourth factor "examines the amount of money at stake in relation to the seriousness of a defendant's conduct." Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (internal citation omitted). Here, AK Futures seeks enhanced statutory damages in the amount of $150,000 for Smoke Tokes's willful infringement under the Copyright Act. See Mot., Dkt. 30-1, at 9. The Court finds that this is a reasonable amount and thus weighs in favor of default judgment. See infra Section III.C. The fifth factor also weighs in favor of default judgment because "[u]pon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." PepsiCo, 238 F. Supp. 2d at 1175. Therefore, no disputes of facts preclude granting the motion. The sixth factor—whether the dispute is due to excusable neglect—does not weigh against entry of default judgment. In fact, Smoke Tokes was properly served but chose not to participate in this litigation. The seventh factor, the strong policy favoring decisions on the merits, weighs against entry of default judgment, but this factor alone is not sufficient to counterbalance the other factors in this case. See PepsiCo, 238 F. Supp. at 1177.

Accordingly, the Court **GRANTS** default judgment in favor of AK Futures.

### C. Relief Sought

#### 1. Permanent Injunction

AK Futures seeks a permanent injunction against Smoke Tokes. Dkt. No. 19, at 20. AK Futures argues that "[b]ecause Smoke Tokes did not appear, and continues counterfeiting after [AK Futures] filed this lawsuit, [AK Futures] is entitled to permanent injunctive relief." Mot., Dkt. 19-1, at 20. The Court agrees. See Brighton Collectibles, LLC v. IPPO Jewelry Corp., 2017 WL 7833608, at *4 ("Defendant admits by its default

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01061-JVS (ADSx) | Date | November 17, 2021 |
|---|---|---|---|
| Title | AK Futures LLC v. Smoke Tokes, LLC | | |

that it continues to willfully infringe on [plaintiff's] copyrighted property, causing [plaintiff] ongoing and irreparable harm.").

To obtain a permanent injunction, a plaintiff must demonstrate:

(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). The Court's "decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." Id.

Together, the eBay factors show that a permanent injunction is warranted. First, AK Futures has faced irreparable harm and will continue to face such harm without a permanent injunction. AK Futures has demonstrated a likelihood of success on the merits of its claims for trademark infringement and thus "shall be entitled to a reputable presumption of irreparable harm." 15 U.S.C. § 1116(a). Specifically, Smoke Tokes's sales of its infringing products deprive AK Futures of revenue and profits and force AK Futures to devote substantial time and resources to combatting statements about the source and types of products sold under the Cake brand. Clelland Decl. ¶ 37. Moreover, because Smoke Tokes's inauthentic products are of unknown quality and pretend to be Cake products, consumers' negative experiences with those products are likely to deter them from purchasing AK Futures's Cake products in the future, as consumers may believe the authentic products caused the negative experience. Id. ¶ 36. In addition, that Smoke Tokes sells cannabis products under the Cake brand may lead the public, consumers, and law enforcement to falsely associate AK Futures with unlawful activities. Id. ¶ 26.

Further, Smoke Tokes's failure to appear in this action increases the likelihood of continuing infringement. Courts have found that defendants' "refusal to answer or appear in [trademark infringement] litigation [gave] the court no assurance that [the defendants'] infringing activity will cease and [made] it difficult for [the plaintiffs] to

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01061-JVS (ADSx) | Date | November 17, 2021 |
| Title | AK Futures LLC v. Smoke Tokes, LLC | | |

prevent further infringement." U.S. Olympic Comm. v. Does, 2009 WL 10703686, at *5 (N.D. Cal. Mar. 10, 2009) (quoting Adobe Sys. Inc. v. Cain, 2008 WL 5000194, at *3 (N.D. Cal. , 2008)).  The same is true here.

Finally, the public interest supports issuing a permanent injunction.  Trademark law protects the public interest by preventing confusion of customers through the use of confusingly similar marks. See 15 U.S.C. § 1125(a)(1).   Also, the public is entitled to a clear understanding of the source of a product and to distinguish goods among competitors. Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 854 n.14 (1982) (citing legislative history of the Lanham Act);  see also Kingston Tech. Corp. v. Jiaxin Tech., No. SACV0901038CJCRNBX, 2010 WL 11595923, at *3 (C.D. Cal. Oct. 14, 2010).  Likewise, public health will be served by a greater understanding of the source of the counterfeit products, given the ability to better track and trace what materials are used in their production.

AK Futures asks that this permanent injunction extend to Smoke Tokes, Messrs. Lakhany, Sattar, and Habidullah, and any others acting in concert with them.  Mot., Dkt. 19, at 20.  AK Futures argues that, "[u]nless enjoined, this group of counterfeiters will continue to improperly use the Cake marks as they have done." Id.  Although AK Futures names only "Smoke Tokes" as a defendant in this action, injunctions extend to (A) the parties; (B) their officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with anyone described in (A) or (B).  Fed. R. Civ. P. 65(d)(2).

For these reasons the Court **GRANTS** AK Futures a permanent injunction against Smoke Tokes.

    2.    *Enhanced Statutory Damages*

AK Futures requests enhanced statutory damages of $150,000 under the Copyright Act.  Mot., Dkt. 30-1, at 12.  The Copyright Act provides for statutory damages of up to $150,000 for willful infringement.  17 U.S.C. § 504(c)(2).  "If statutory damages are elected, '[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting Harris v. Emus

Case 8:21-cv-01061-JVS-ADS   Document 20   Filed 11/17/21   Page 10 of 12   Page ID #:456

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01061-JVS (ADSx) | Date | November 17, 2021 |
|---|---|---|---|
| Title | AK Futures LLC v. Smoke Tokes, LLC | | |

Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)) (alteration in original). "[C]ourts have noted that while the plaintiff in a trademark or copyright infringement case is entitled to damages that will serve as a deterrent, it is not entitled a windfall." Adobe Systems, Inc. v. Tilley, 2010 WL 309429, at *5 (N.D. Cal. Jan. 19, 2010) (citing Microsoft Corp. v. Ricketts, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007)). The statutory maximum for willful infringement is $150,000. 17 U.S.C. § 504(c)(2). "In measuring the damages, the court is to be guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like ....'" Peer International, 909 F.2d at 1336 (quoting F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 232 (1952)).

"To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willfull blindness' to, the copyright holder's rights." Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d 936, 944 (9th Cir. 2011) (quoting Island Software & Computer Service, Inc. v. Microsoft Corp., 413 F.3d 257, 263 (2d Cir. 2005)). AK Futures has established willfulness. The complaint alleges that Smoke Tokes produced and sold inauthentic products, including a device designed for vaping cannabinoid or Delta-9 concentrates package in inauthentic Cake branded packaging with reproductions of AK Futures's copyrighted stylized drawing and AK Futures's Cake mark. Compl. ¶ 27. Smoke Tokes's inauthentic products featured the same color scheme as AK Futures uses in many of its products and the similarities between the authentic and counterfeit products were "striking." Id. ¶ 28. Further, AK Futures argues that "[d]espite receiving notice of the Court's order enjoining Green Buddha [in a related litigation] from using identical, infringing Cake marks, Smoke Tokes willfully continues to sell and advertise Infringing Products." Mot., Dkt. 19, at 20 (citing Oganesian Decl. ¶ 18, Exs. N–P). The Court may accept such allegations that the defendant acted willfully on a motion for default judgment. Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) ("[A]ll factual allegations in the complaint are deemed true, including the allegation of [defendant's] willful infringement."). These circumstances warrant enhanced statutory damages in the amount of $150,000 for Smoke Tokes's willful and continued infringement of AK Futures's Cake Logo.

      3.    *Attorney's Fees*

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:21-cv-01061-JVS (ADSx)     Date   November 17, 2021

Title    AK Futures LLC v. Smoke Tokes, LLC

       AK Futures also asks for attorneys' fees and costs under the Copyright Act and Lanham Act. The Copyright Act allows the Court to award "full costs" of the suit and to "freely award" attorneys' fees to the prevailing party so long as it "seek[s] to promote the Copyright Act's objectives." Fantasy, Inc. v. Fogerty, 94 F.3d 553, 559 (9th Cir. 1996) (internal quotes and citation omitted); 17 U.S.C. § 505. It is a "well recognized practice" to award attorneys' fees in cases of willful copyright infringement. Elektra Ent. Grp., Inc. v. Bryant, 2004 WL 783123, at *7 (C.D. Cal. Feb. 13, 2004).

       Similarly, an award of reasonable attorneys' fees and costs is expressly provided for in "exceptional cases" of trademark infringement. Derek Andrew, Inc., 528 F.3d at 702 (citing 15 U.S.C. § 1117(a)). "While the term 'exceptional' is not defined in the statute, attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful." Id. (internal citation and quotation marks omitted). In the context of default judgment, the Ninth Circuit has upheld awards of attorneys' fees "solely because, by entry of default judgment, the district court determined, as alleged in [plaintiff's] complaint, that [defendant's] acts were committed knowingly, maliciously, oppressively, and with an intent to . . . injure [plaintiff]." Id. (internal citation and quotation marks omitted).

       AK Futures seeks an award of "reasonable attorneys' fees and costs incurred, in the amount to be shown by supplemental declaration to be filed within 10 days of a ruling on this Motion pursuant to Local Rule 54-7." Mot., Dkt. 30-1, at 16. As the Court explains above, AK Futures alleges that Smoke Tokes's infringement was knowing and willful. Accordingly, the Court concludes that AK Futures is entitled to reasonable attorneys' fees. Therefore, the Court **GRANTS** AK Futures's request for reasonable attorneys' fees. AK Futures is to file a supplemental declaration within 10 days of this ruling pursuant to Local Rule 54-7 showing the amount of attorneys' fees and costs incurred.

### IV. CONCLUSION

       For the foregoing reasons, the Court **GRANTS** the motion. The Court **GRANTS** AK Futures's request for permanent injunctive relief, $150,000 in damages, and reasonable attorneys' fees in an amount to be determined by supplemental declaration pursuant to Local Rule 54-7. Plaintiff to submit a proposed judgment.

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01061-JVS (ADSx) | Date | November 17, 2021 |
| Title | AK Futures LLC v. Smoke Tokes, LLC | | |

**IT IS SO ORDERED.**

                                                                                                   : 0

Initials of Preparer    lmb