UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| AK FUTURES LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>SMOKE TOKES, LLC and<br>DOES 1-10,<br><br>            Defendants. | Case No. 8:21-cv-01061-JVS-ADS<br><br>(Related to 8:21-cv-1027-JVS-ADS, 8:21-cv-01028-JVS-ADS, and 8:21-cv-01154-JVS-ADS)<br><br>**JUDGMENT AND PERMANENT INJUNCTION SMOKE TOTES**<br><br>Complaint Filed: June 16, 2021<br><br>The Honorable James V. Selna |

On November 17, 2021, this Court granted Plaintiff AK Futures LLC's request for default judgment, permanent injunctive relief, an award of enhanced statutory damages in the amount of $150,000, and reasonable attorneys' fees and costs against Defendant Smoke Tokes, LLC.  Based on the Court's order, and AK Futures' motion for default judgment and permanent injunction, and other papers on file in this action, the Court finds that:

1.      Smoke Tokes failed to appear in this action by timely pleading, responding to, or otherwise defending against the complaint in this action after being properly served.  AK Futures made a request for entry of default against Smoke Tokes on August 5, 2021.  The Clerk entered default as to Smoke Tokes under Rule 55(a) of the Federal Rules of Civil Procedure on August 6, 2021.

2.      AK Futures moved for default judgment and permanent injunction on October 15, 2021.  On November 17, 2021, this Court granted AK Futures' motion for default judgment and permanent injunction and awarded enhanced statutory damages in the amount of $150,000 and reasonable attorneys' fees and costs against Smoke Tokes for its willful and continued infringement of AK Futures' intellectual property.

3.      Smoke Tokes is not a minor nor incompetent person, and the Servicemembers Civil Relief Act does not apply.

4.      AK Futures complied with Rule 54(c) and sought a permanent injunction, damages, and recovery of attorneys' fees and costs, as requested in the Complaint.

5.      Default judgment is appropriate under the substantive requirements as identified in the Ninth Circuit (together, the *Eitel* factors): (1) AK Futures expended effort and incurred costs, without response from Smoke Tokes; (2) AK Futures sufficiently states its claims for relief; (3) AK Futures shows it is likely to succeed on the merits of its claims; (4) enhanced statutory damages in the amount of $150,000 for Smoke Tokes' willful infringement under the Copyright Act is

1

reasonable; (5) no disputes of facts preclude default; (6) Smoke Tokes' default is not attributed to excusable neglect; and (7) a policy favoring a decision on the merits does not alone counterbalance the other six factors in this case. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**THEREFORE,**

A.   Judgment is entered in favor of AK Futures and against Smoke Tokes on all claims for relief averred in the complaint.

B.   A money judgment shall be, and hereby is, entered in favor of AK Futures, and against Smoke Tokes in the amount of $150,000 for Smoke Tokes' willful infringement of AK Futures' copyrighted CAKE design, pursuant to 17 U.S.C. § 504.

C.   Default judgment is entered under Federal Rules of Civil Procedure, Rule 55(b) against Smoke Tokes.  AK Futures shall further be awarded its reasonable attorneys' fees in the amount of $92,656.45 and costs in the amount of $1,495.95, for a total judgment of $244,152.40.

D.   This judgment will bear interest at the judgment rate from the date of this judgment until paid pursuant to 28 U.S.C. § 1961.

E.   Smoke Tokes and its partners, officers, directors, employees, agents, owners, and representatives and all persons, firms, and corporations in active concert or participation with any of them as described in Federal Rules of Civil Procedure Rule 65(d)(2), including without limitation individuals Raheel Lakhany, Shafaq Sattar, and Amin Habibullah (collectively, "Defendant's Related Persons"), are hereby **PERMANENTLY RESTRAINED AND ENJOINED FROM**:

i.   using, on or in connection with the manufacture, distribution, sale, offering for sale, advertisement and/or promotion of any products or services, any copy or colorable imitation of AK Future's CAKE trademarks or anything confusingly similar

2

1    thereto, including but not limited to CAKE, the stylized CAKE

2    mark depicted in U.S. Trademark Application Serial Nos.

3    90594523 and 90686598, and the cake logo depicted in U.S.

4    Trademark Application Serial Nos. 90594382 and 90624745;

5    ii.   reproducing, distributing copies of, and/or displaying to the

6    public the cake design that is the subject of U.S. Copyright Reg.

7    No. VA 2-247-632 or any colorable imitation thereof;

8    iii.   creating, using, distributing copies of, and/or displaying to the

9    public any derivative work of the cake design that is the subject

10   of U.S. Copyright Reg. No. VA 2-247-632;

11   iv.   representing directly or indirectly in any form or manner

12   whatsoever, that Smoke Tokes' business, products or services

13   are in any manner associated with, sponsored by, or approved by

14   AK Futures or otherwise taking any action likely to cause

15   confusion, mistake or deception on the part of purchasers as to

16   the source, origin or sponsorship of Smoke Tokes' business,

17   products or services; and

18   v.   assisting, aiding, or abetting any person or business entity in

19   engaging in or performing any of the activities referred to in

20   subparagraphs (i) through (iv) above.

21   F.   Smoke Tokes and Defendant's Related Persons, as identified in

22   Paragraph E above, shall destroy all products, labels, signs, prints,

23   packages, wrappers, receptacles, boxes, files, images, advertisements,

24   and promotions or materials in any other form in their possession that

25   depicts, uses, or copies AK Futures' intellectual properties or similar

26   names or marks as described above.

27   G.   Smoke Tokes and Defendant's Related Persons, are further directed to

28   file with this Court and serve upon AK Futures within 30 days after

1   entry of the injunction a report in writing under oath setting forth in
2   detail the manner and form in which Smoke Tokes has complied with
3   the injunction and ceased all offering or promoting of unauthorized
4   and inauthentic CAKE-branded goods.

Dated: December 08, 2021

_____
United States District Court Judge
The Honorable James V. Selna

4