Edwin J. Richards (SBN 43855)
Ed.richards@kutakrock.com
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, California 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394

Attorney for Defendant
SMOKE TOKES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| AK FUTURES LLC, | Case No.: 8:21-cv-01061-JVS (ADS) |
|---|---|
| Plaintiff, | Hon. James V. Selna |
| v. | **NOTICE OF EX PARTE MOTION AND MOTION TO IMMEDIATELY WITHDRAW AS COUNSEL FOR DEFENDANT SMOKE TOKES, LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| SMOKE TOKES, LLC, and DOES 1-10, | |
| Defendant. | |
| | Date Filed: June 16, 2021 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that as soon as the matter may be heard before the Honorable James V. Selna, the law firm of Kutak Rock, LLP ("Kutak Rock") hereby seeks to immediately withdraw as counsel for Defendant Smoke Tokes, LLC ("ST") and its officers. In the alternative, Kutak Rock requests that the hearing on its Motion for Leave to Withdraw as counsel for ST and its officers be rescheduled to a date and time prior to August 12, 2024, which is the date ST's response to the Order to Show

Kutak Rock LLP
Attorneys At Law
Irvine

- 1 -   2:22-cv-05068-JLS-SK

EX PARTE MOTION TO IMMEDIATELY WITHDRAW AS COUNSEL
FOR SMOKE TOKES, LLC

Cause is due. (*See*, ECF Doc. 107).

The motion is made on the following grounds:

1. Kutak Rock filed a motion seeking leave to withdraw as counsel for ST and its officers. (ECF Doc. 102). The hearing on the motion to withdraw is currently scheduled for August 26th, 2024, at 1:30 p.m. After Kutak Rock filed the motion, this Court scheduled an Order to Show Cause hearing for August 19th, 2024. (ECF Doc. 107). For the reasons set forth in Kutak Rock's pending motion to withdraw as counsel for ST and its officers, and the supporting declaration of Edwin J. Richards filed with it (ECF Doc. 102-1), Kutak Rock cannot be prepared to represent ST at the Order to Show Cause hearing because Kutak Rock has not received a response from ST regarding this case since Kutak Rock informed ST of its intent to withdraw. Kutak Rock has informed ST that it should retain an attorney to respond to Plaintiff's Application for Order to Show Cause re Contempt and for Sanctions.

In order to avoid prejudice to both Kutak Rock and ST, Kutak Rock respectfully submits that the Motion to Withdraw must be heard on an ex parte basis so that it may be heard and decided prior to the order to show cause hearing scheduled for August 19th, 2024.

2. Kutak Rock was appointed to represent ST in this matter through its engagement with its client, State Farm General Insurance ("State Farm"). State Farm's insured, ST, is a Defendant in this matter.

Sometime after Kutak Rock entered its appearance in this matter, its client

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 2 -   2:22-cv-05068-JLS-SK
EX PARTE MOTION TO IMMEDIATELY WITHDRAW AS COUNSEL
FOR SMOKE TOKES, LLC

relationship with State Farm was terminated. State Farm directed Kutak Rock to transfer the case to a new law firm (Grant Genovese & Baratta, LLP, hereinafter referred to as "GGB") to handle the defense.

Kutak Rock transferred the file to the new law firm and signed a substitution of counsel form. However, the substitution of counsel form was never filed by the new law firm. Kutak Rock did not learn until June 27, 2024 that State Farm had withdrawn coverage to ST and withdrew from Defendants' defense and instructed new counsel to close its file and render no further legal services to ST.

Accordingly, while the docket continues to reflect that Kutak Rock represents ST in this matter, Kutak Rock's relationship with State Farm was formerly terminated with instructions to transfer this matter to new counsel, and no arrangements have been made between ST and Kutak Rock for Kutak Rock to represent ST independently, outside of the coverage formerly provided by State Farm. It would be unduly prejudicial to Kutak Rock to remain counsel for ST in these circumstances in which it has been directed to perform no further legal services on behalf of ST and is not being paid for services rendered by either party.

3. This motion is also brought on the grounds that pursuant to Rule 1.16(b)(4) of the California Rules of Professional Conduct an attorney "may withdraw from representing a client if: . . . the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]" ST's conduct in this case has rendered it unreasonably difficult for the lawyer to carry

out the representation effectively as ST failed to execute a substitution of counsel form or to timely communicate with counsel. Now, State Farm has withdrawn its coverage of ST for this matter and declines to defend ST and has directed GGB to close its file. As a result, Kutak Rock remains listed as counsel of record despite the fact that Kutak Rock's relationship with State Farm was terminated and that Kutak Rock was instructed to transfer the defense of this matter. In addition, ST is often unresponsive to communications which has led to an inability to timely communicate and has hindered Kutak Rock's ability to defend ST even if it was authorized by State Farm to do so. The lack of communications has made it difficult, if not impractical, for Kutak Rock to represent ST.

This motion is based upon the attached Memorandum of Points and Authorities, this Notice of Motion, the Declaration of Edwin J. Richards previously filed as ECF Doc. 102-1, the Declaration of Edwin J. Richards, and any other materials presented in support of this motion in accordance with Federal Rules of Civil Procedure, Central District Court of California Civil Local Rules of Court and Standing Orders.

Dated: August 7, 2024

KUTAK ROCK LLP

By: /s/ *Edwin J. Richards*
Edwin J. Richards
Attorney for Defendant
Smoke Tokes, LLC

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 5

I.   INTRODUCTION ................................................................................................ 5

II.   RELEVANT FACTS .......................................................................................... 6

III.   ARGUMENT ..................................................................................................... 10

     A.   Kutak Rock provided notice to ST of its withdrawal ......................... 10

     B.   Good cause exists for Kutak Rock to withdraw ................................. 11

     C.   No Party would be prejudiced if Kutak Rock withdrew ..................... 14

IV.   CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Stewart v. Boeing Co.*,
   No. CV 12-05621 .................................................................................................. 11

**Other Authorities**

California Rules of Professional Conduct Rule 1.16(b)(4) ........................................... 12

*Civil Local Rules of Court* ("L.R.") ............................................................................. 10

Federal Rules of Civil Procedure Rule 65(d)(2) ............................................................ 7

L.R. 83-2.3.2 ......................................................................................................... 10, 11

L.R. 83-2.3.4 ............................................................................................................... 10

L.R. 83-2.3.5 ............................................................................................................... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Kutak Rock, LLP ("Kutak Rock") seeks to immediately withdraw as counsel from this case. It would be unreasonably difficult and prejudicial to require Kutak Rock to act as counsel in these circumstances, where Kutak Rock's relationship with the insurer has been terminated, Kutak Rock previously took steps to transfer the defense of this matter but ST failed to execute a substitution of counsel form, and ST's lack of communications has made it difficult, if not impossible, for Kutak Rock to represent ST.

This case originally arose from allegations of copyright infringement, Federal unfair competition and false designation of origin, California false advertising, and California unfair competition. (ECF Doc. 1). Kutak Rock was originally retained by State Farm General Insurance ("State Farm") to replace existing counsel, Buchalter APC ("Buchalter") in representing Defendant Smoke Tokes, LLC ("ST") as evidenced on the Request for Approval of Substitution or Withdrawal of Counsel filed on September 25, 2023. (ECF Doc. 100).

Throughout its representation of ST, Kutak Rock struggled to get ST to respond to communications and/or cooperate in the defense. In March 2024, Kutak Rock's client relationship with State Farm was terminated, and State Farm arranged to transfer the defense of this matter to the law firm of Grant Genovese & Baratta,

LLP ("GGB"). GGB would be substituting into the case and handling the defense of ST.

Thereafter, Kutak Rock signed a Request for Approval of Substitution or Withdrawal of Counsel and provided it to GGB to obtain ST's signature and file with this Court. GGB either failed or was unable to obtain the client signature and thus did not substitute into this matter despite the assignment from State Farm.

Kutak Rock respectfully requests this Court grant Kutak Rock's Ex Parte Motion to Immediately Withdraw as Counsel for ST and its officers in this matter to avoid further prejudice to Kutak Rock.

## II.   RELEVANT FACTS

On or around June 16, 2021, AK Futures LLC ("Plaintiff") commenced this action by filing a Complaint. (ECF Doc. 1). ST failed to respond to the complaint and a default was entered by the Clerk on August 6, 2021. (ECF Doc. 16). Thereafter, Plaintiff filed a motion for default judgment. (ECF Doc. 19). ST did not oppose Plaintiff's motion and ultimately the motion for default judgment was granted. (ECF Doc. 20). In doing so, the Court also granted Plaintiff's request for permanent injunctive relief. (*Id.*). On December 8, 2021, a judgment was entered in favor of Plaintiff and against ST. (ECF Doc. 26). In addition, a permanent injunction was entered against "Smoke Tokes and its partners, officers, directors, employees, agents, owners, and representatives and all persons, firms, and corporations in active concert

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 6 -   2:22-cv-05068-JLS-SK
EX PARTE MOTION TO IMMEDIATELY WITHDRAW AS COUNSEL
FOR SMOKE TOKES, LLC

or participation with any of them as described in Federal Rules of Civil Procedure Rule 65(d)(2), including without limitation individuals Raheel Lakhany, Shafaq Sattar, and Amin Habibullah[.]" (*Id*.). Thereafter, Plaintiff began its efforts to collect the judgment.

On December 15, 2022, ST filed an Ex Parte Application to Continue Hearing Date. (ECF Doc. 46). Through this application, it was asserted that ST retained Buchalter, APC ("Buchalter") on December 15, 2022. (*Id*. at pg. 1; ECF Doc. 47 at ¶ 2). On February 1, 2023, Jack R. Scharringhausen, of the law firm of Buchalter, entered a Notice of Appearance for Defendant ST. (ECF Doc. 69).

Thereafter, in 2023, State Farm retained Kutak Rock to assume the defense of ST in place of Buchalter. (Declaration of Edwin J. Richards ["Richards Dec."] at ¶ 9). Accordingly, Kutak Rock worked in a professional manner with Buchalter to obtain Buchalter's file, get up to speed on the case to ensure a smooth transfer, and a Request for Approval of Substitution or Withdrawal of Counsel was filed on September 25, 2023. (*Id*. at ¶ 10; ECF Doc. 100).

After entering its appearance, the attorney client relationship between Kutak Rock and State Farm deteriorated and the two parties ended their relationship with the understanding that State Farm would arrange for new counsel to substitute into the case to replace Kutak Rock as attorneys for ST. (*Id*. at ¶ 11). Thereafter, State Farm advised Kutak Rock that it retained Lance Orloff, an attorney at the law firm of Grant Genovese & Baratta, LLP ("GGB"), who would substitute into the case to

replace Kutak Rock. (*Id*. at ¶¶ 12-13). In addition, State Farm instructed Kutak Rock to close its file and that Kutak Rock was not authorized to render any further services in the defense of ST. (*Id*. at ¶ 14).

On March 21, 2024, Kutak Rock mailed a thumb drive with its file to GGB via standard overnight delivery. (*Id*. at ¶ 15). On March 22, 2024, Kutak Rock sent a correspondence to ST informing ST that per the direction of State Farm, the further handling of this matter is being transferred to GGB and a substitution of attorney form will be provided. (*Id*. at ¶ 16). Kutak Rock also spoke with GGB to help smooth the transition, bring GGB up to speed on the case, and inform of the next steps. (*Id*. at ¶ 17).

On April 8, 2024, GGB sent a draft Request for Approval of Substitution or Withdrawal of Counsel form. (*Id*. at ¶ 18). On April 12, 2024, Kutak Rock provided GGB with the substitution form signed by Kutak Rock. (*Id*. at ¶ 19). Kutak Rock's understanding and expectation was that GGB would work with ST to get ST's signature and file with the Court and assume the representation of ST. (*Id*.).

On or around April 22, 2024, Kutak Rock attended a phone call with ST whereby ST was further informed that the file has been transferred to GGB. (*Id*. at ¶ 20). At this time, Kutak Rock viewed its representation of ST as completed as (i) Kutak Rock was instructed to transfer the file to GGB at the direction of State Farm, which Kutak Rock did; (ii) informed ST of the transfer; (iii) Kutak Rock signed the substitution of counsel form; and (iv) it was Kutak Rock's understanding that GGB

- 8 -                                  2:22-cv-05068-JLS-SK
EX PARTE MOTION TO IMMEDIATELY WITHDRAW AS COUNSEL
FOR SMOKE TOKES, LLC

would be handling the filing of the substitution of counsel form and working with ST on the day-to-day operations of the case. (*Id*. at ¶ 21).

However, the substitution of counsel form was not being filed. Thus, on May 9, 2024, Kutak Rock emailed GGB requesting when it expects to file the substitution of counsel form. (*Id*. at ¶ 22). GGB responded the same day informing that it has not filed it and that they cannot get ST to return it with a signature. (*Id*. at ¶ 23). However, GGB informed that they would let Kutak Rock know. (*Id*.). Given this, Kutak Rock was under the impression that GGB was working with the client and would get the substitution of counsel form filed. (*Id*. at ¶ 24).

Through a letter dated June 24, 2024, Plaintiff contacted Kutak Rock to schedule a meet and confer. (*Id*. at ¶ 25). Kutak Rock responded on June 27, 2024 informing that the file has been transferred to GGB, that Kutak Rock is no longer counsel for ST in this matter, and copied GGB on the email. (*Id*. at ¶ 26). In addition, Kutak Rock sent an email to GGB requesting that the substitution of counsel form be filed that week as Kutak Rock no longer represents the Defendant and the court docket needs to reflect that. (*Id*. at ¶ 27). In response, GGB informed Kutak Rock that the client did not return the substitution of counsel form and State Farm withdrew from the client's defense and instructed GGB to close its file. (*Id*. at ¶ 28). Prior to this, neither State Farm, GGB, nor ST informed Kutak Rock that State Farm withdrew from the client's defense. (*Id*. at ¶ 29).

Kutak Rock has represented ST and/or ST & Company, LLC in two other

- 9 -    2:22-cv-05068-JLS-SK
EX PARTE MOTION TO IMMEDIATELY WITHDRAW AS COUNSEL FOR SMOKE TOKES, LLC

matters in this court. (*Id*. at ¶ 31). In all three cases, ST often was unresponsive to communications leading to an inability to timely communicate, and resulting in last minute scrambles. (*Id*.). The lack of communications has made it difficult, if not impractical, for Kutak Rock to represent ST. (*Id*.).

On July 22, 2024, Kutak Rock sent a correspondence to ST informing ST that Kutak Rock will be filing a motion to withdraw and informed ST that it must be represented by an attorney. (*Id*. at ¶ 35). Likewise, Kutak Rock also sent a correspondence to counsel for the Plaintiff informing the Plaintiff that Kutak Rock will be filing a motion to withdraw. (*Id*. at ¶ 34).

## III. ARGUMENT

### A. Kutak Rock provided notice to ST of its withdrawal.

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." *Civil Local Rules of Court* ("L.R.") rule 83-2.3.2. Further, "[a]n attorney requesting leave to withdraw from representation of an organization . . . must give written notice to the organization of the consequences of its inability to appear pro se." L.R. 83-2.3.4.

In this case, through a letter dated March 22, 2024, Kutak Rock informed ST that the further handling of this matter was being transferred pursuant to the direction of its insurer, State Farm, to attorney Orloff at GGB. (Richards. Dec. at ¶ 16). In

addition, Kutak Rock attended a phone call with Ty Shipp, Legal Compliance Coordinator at ST, whereby ST was further advised that this matter was being transferred and Kutak Rock would not be representing ST in this matter. (*Id*. at ¶ 20). As such, ST is more than aware of Kutak Rock's intent to withdraw as Kutak Rock informed ST that the file was being transferred pursuant to the direction of its insurer. By informing ST that the file has been transferred and that ST should work with GGB, ST was provided notice of Kutak Rock's withdrawal. Moreover, on July 22, 2024, Kutak Rock sent a correspondence to ST informing ST that Kutak Rock will be filing a motion to withdraw and informed ST that it must be represented by an attorney. (*Id*. at ¶ 35). Likewise, Kutak Rock also sent a correspondence to counsel for the Plaintiff informing the Plaintiff that Kutak Rock will be filing a motion to withdraw. (*Id*. at ¶ 34).

**B.     Good cause exists for Kutak Rock to withdraw.**

An attorney's motion to withdraw "must be supported by good cause," L.R. 83-2.3.2 and "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83-2.3.5. "In ruling on a motion to withdraw as counsel, district courts generally consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Stewart v. Boeing Co.*, No. CV 12-05621

- 11 -     2:22-cv-05068-JLS-SK

RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) (internal quotation marks and citations omitted).

Pursuant to Rule 1.16(b)(4) of the California Rules of Professional Conduct, an attorney "may withdraw from representing a client if: . . . the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]"

In this case, good cause exists for Kutak Rock's motion to withdraw as Kutak Rock struggled to get ST to respond to communications, take action, and otherwise cooperate in its defense. This led to a significant breakdown in the attorney-client relationship.

In March 2024, Kutak Rock was instructed by its then client, State Farm, to transfer the file to GGB, who would replace Kutak Rock as counsel for ST. (Richards Dec. at ¶¶ 12-14). Kutak Rock then transferred its file to GGB, informed ST of the transfer, signed a substitution of counsel form, and was under the impression that GGB would be handling the filing of the substitution of counsel form and working with ST on the day-to-day operations of the case. (*Id*. at ¶ 21). However, ST allegedly did not cooperate with GGB as ST allegedly did not sign the substitution of counsel form. (*Id*. at ¶ 28). By failing to sign the substitution of counsel form, ST's conduct has rendered it unreasonably difficult for the lawyer to carry out the representation effectively as ST allegedly had never signed the substitution of counsel form, preventing GGB from filing the substitution of counsel form.

- 12 -    2:22-cv-05068-JLS-SK
EX PARTE MOTION TO IMMEDIATELY WITHDRAW AS COUNSEL FOR SMOKE TOKES, LLC

Kutak Rock was professional in transferring the file pursuant to State Farm's direction and in helping GGB get up to speed on the case. Unfortunately, since GGB did not get the substitution of counsel form filed, the docket continues to reflect that Kutak Rock represents ST in this matter. However, Kutak Rock's relationship with State Farm was formerly terminated with instructions to transfer this matter to GGB, and no arrangements have been made between ST and Kutak Rock for Kutak Rock to represent ST independently, outside of the coverage formerly provided by State Farm.

Not to go unnoticed, once Kutak Rock informed GGB of Plaintiff's counsel desire to meet and confer, GGB informed Kutak Rock that State Farm withdrew from the client's defense. (*Id*. at ¶ 28). Despite withdrawing its defense, State Farm did not inform Kutak Rock of such and thus it was not until June 27, 2024, that Kutak Rock learned that GGB would not be substituting in this matter. (*Id*. at ¶¶ 29-30).

In addition, good cause exists for the withdrawal as there has been a complete breakdown in the relationship between Kutak Rock and both ST and State Farm. This breakdown includes a lack of trust and communication. (*Id*. at ¶ 32). First, State Farm arranged for the defense of this matter to be transferred to GGB and further instructed Kutak Rock to close its file and that Kutak Rock was not authorized to render any further services in the defense of ST. (*Id*. at ¶¶ 14-14).

Second, in this case and two other cases where State Farm engaged and assigned Kutak Rock to represent ST, the experience has shown that ST is often

- 13 -   2:22-cv-05068-JLS-SK
EX PARTE MOTION TO IMMEDIATELY WITHDRAW AS COUNSEL FOR SMOKE TOKES, LLC

unresponsive to communications leading to an inability to timely communicate and resulting in last minute scrambles. (*Id*. at ¶ 31). The lack of communication has made it difficult, if not impractical, for Kutak Rock to represent ST. (*Id*.). Kutak Rock's experience with ST does not stand alone. (*See*, Richards Dec. Ex. A [order in United States District Court, Central District of California case no.: 2:22-cv-05068 allowing counsel to withdraw]). Accordingly, the attorney client relationship between Kutak Rock and both State Farm and ST has been destroyed due to the acts of State Farm and ST. It would be impractical and unduly prejudicial to Kutak Rock to force Kutak Rock to represent ST in this matter when State Farm has transferred the defense to a new law firm and ST has lacked communications with Kutak Rock.

### C.  No Party would be prejudiced if Kutak Rock withdrew.

Kutak Rock's withdrawal would not prejudice any party in this case. First, judgment was entered in this case before Kutak Rock entered an appearance. Second, although this Court ordered ST and Defendants Related Persons to appear on August 19, 2024 to show cause why each should not be held in civil contempt, no prejudice will arise if this court delays the order to show cause hearing for a few weeks to allow ST to timely retain new counsel and respond on its behalf. Specifically, this Court can order ST to retain new counsel within 14 days of the Order granting Kutak Rock leave to withdraw like this Court did in United States District Court, Central District of California case no.: 2:22-cv-05068. (*See*, Richards Dec. at Ex. A). ST can then retain new counsel, and Kutak Rock will promptly transfer its file to new counsel.

- 14 -   2:22-cv-05068-JLS-SK
EX PARTE MOTION TO IMMEDIATELY WITHDRAW AS COUNSEL
FOR SMOKE TOKES, LLC

Thus, there will be minimal delay (if any) on the Order to Show Cause and ST will be allowed time to retain its counsel of choice.

Based on the above, good cause exists to grant this motion to allow Kutak Rock to withdraw as counsel for ST and its officers effectively immediately.

## IV. CONCLUSION

For all the reasons stated above, Kutak Rock respectfully requests that this Court grant its ex parte motion to immediately withdraw as counsel for ST and its officers. In the alternative, Kutak Rock requests that the hearing on its Motion for Leave to Withdraw as counsel for ST and its officers be rescheduled to a date and time prior to August 12, 2024, which is the date ST's response to the Order to Show Cause is due. (*See*, ECF Doc. 107).

Dated: August 7, 2024

KUTAK ROCK LLP

By: /s/ *Edwin J. Richards*
Edwin J. Richards
Attorney for Defendant
Smoke Tokes, LLC

**L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Smoke Tokes, LLC certifies that this brief contains 2,795 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 7, 2024

KUTAK ROCK LLP

By: /s/ Edwin J. Richards
 Edwin J. Richards
 Attorney for Defendant
 Smoke Tokes, LLC

# CERTIFICATE OF SERVICE

*AK Futures, LLC v. Smoke Tokes, LLC*

United States District Court – Central District
USDC Case No 23-cv-02427-KK-JPR

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is Suite 1500, 5 Park Plaza, Irvine, California 92614.

On **August 7, 2024,** I served on all interested parties as identified on the below service list the following document(s) described as:

**NOTICE OF EX PARTE MOTION AND MOTION TO IMMEDIATELY WITHDRAW AS COUNSEL FOR DEFENDANT SMOKE TOKES, LLC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF EDWIN J. RICHARDS IN SUPPORT THEREOF**

[X] **(BY NOTICE OF ELECTRONIC FILING)** Counsel who have consented to electronic service have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document(s) was(were) filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

## SERVICE LIST

| | |
|---|---|
| Thomas C. Frost, Esq.<br>THE FROST FIRM<br>301 Santa Fe Drive, 2nd Floor<br>Encinitas, CA 92024 | Attorneys for Plaintiff,<br>**AK Futures, LLC**<br><br>Tel:   (619) 822-1741<br>Fax:  (619) 822-1774<br>Email: tfrost@thefrostfirm.com |

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on **August 7, 2024**, at Irvine, California.

*/s/ Alexis Acevedo*
Alexis Acevedo